# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-20292
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 16, 2013

Lyle W. Cayce
Clerk

DIETER M. FINCH,

Plaintiff - Appellant

v.

TEXAS DEPARTMENT OF CRIMINAL JUSTICE,

Defendant - Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:12-CV-3675

Before KING, DAVIS, and SMITH, Circuit Judges.

PER CURIAM:[*]

Dieter M. Finch filed a lawsuit in federal district court alleging that he was unlawfully terminated from his employment at the Texas Department of Criminal Justice ("TDCJ") on the basis of age, race, and national origin, and in retaliation for prior reporting of discrimination. The district court dismissed Finch's age discrimination claim with prejudice and later entered summary

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-20292

judgment in favor of TDCJ on his remaining claims.  Finch appeals the judgment of the district court.  For the reasons that follow, we AFFIRM.

Finch worked as a law library supervisor for TDCJ at a state prison located in Sugarland, Texas.  Finch was terminated in March 2011; thereafter, he filed a charge of discrimination with the EEOC.  In a check-the-box section of the form, Finch indicated that the unlawful discrimination was based on age, national origin, and retaliation.

After receiving a right-to-sue letter from the EEOC, Finch filed this lawsuit in federal court.  He submitted a form employment discrimination complaint, which alleged he was terminated from his employment on the basis of race, national origin, age, and retaliation.  The district court dismissed Finch's age-discrimination claim with prejudice because TDCJ had not waived sovereign immunity, rendering the district court without subject-matter jurisdiction over the claim.  TDCJ later moved for summary judgment on the remaining claims.  The district court held a motion hearing, at which time it granted summary judgment and orally explained its findings on the record. The district court held that Finch had failed to exhaust his race claim since it was not included in his EEOC complaint.  Turning to the national origin and retaliation claims, the court found that Finch had not plead any facts in the narrative summary section of his charge of discrimination to support these claims. Thus, the claims were not properly exhausted even though the related boxes had been marked.  Nonetheless, the court proceeded to address the merits of these claims and held that Finch had not established a prima facie case for either claim.  The court entered a final judgment in TDCJ's favor that day.

Finch timely appealed the judgment of the district court.  On appeal, he identifies one issue for review: "Did the District Court err in holding that TDCJ had the right to terminate Finch's employment on the basis of the AT-WILL

employment doctrine." Finch's appeal enumerates a myriad of exceptions to the at-will doctrine, including, inter alia, "federal law," "Title VII," and the "ADEA."

Finch is proceeding pro se, and we liberally construe the briefs of pro se litigants. *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006). However, we still require that a pro se litigant brief an argument in order for it to be preserved. *Yohey v. Collins*, 985 F.2d 222, 225 (5th Cir. 1993). "As a general rule, this Court does not review issues raised for the first time on appeal," even when the appellant is pro se. *Id.*

Finch's lawsuit alleged claims of employment discrimination on the basis of age, race, national origin, and retaliation. His appeal is the first time that he has raised the matter of at-will employment. A liberal reading of his brief reveals that he tangentially mentions the relevant federal law on which he based his original discrimination claims, but he does not discuss these statutes in a meaningful way. He does not directly address either the district court's order dismissing his ADEA claim or the court's oral ruling entering summary judgment on his race, national origin, and retaliation claims; rather, Finch generally asserts that the rulings were erroneous. Furthermore, the district court did not discuss contract issues such as at-will employment as a justification for denying Finch's Title VII discrimination claims. Since we may not consider his at-will employment argument, and since Finch does not challenge the specific legal reasoning of the district court, we AFFIRM the judgment of the district court.

AFFIRMED.